IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03127-BNB

EUGENE VELARDE,

    Plaintiff,

v.

JOHN HICKENLOOPER,
TOM CLEMENTS,
JOHN SUTHERS,
ARISTEDES W. ZAVARAS,
PAMELA PLOUGHE,
DAVID OBA,
KATHY MCBRIDE,
LINSEY FISH,
MARY CARTER,
JOYCE CROUNK,
DEBORAH SHOCK,
KAREN MITCHELL,
KATHLEEN BOYD,
BARBARA FERGUSON,
CHRIS URBINA, Colorado Department of Health and Environment,
ALANA MAYES,
ARMORY QUINN,
R. KEVEN HALL, and
OTHERS NOT YET KNOWN, are defendant John Doe's [sic], acting under color of
    state law, who determine and are responsible for the overall conditions at the
    Colorado Department of Corrections and the facilities under their jurisdiction.
    Their true names and capacities are unknown to Plaintiff who will seek leave to
    amend this complaint to assert them when they become known,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Eugene Velarde, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Colorado

Territorial Correctional Facility in Cañon City, Colorado. He filed **pro se** a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983. Mr. Velarde has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Velarde's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Velarde will be directed to file an amended complaint.

The Court has reviewed Mr. Velarde's complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Velarde's complaint is verbose. He fails to provide a short and plain statement of his claims, resorting instead to a chronological recitation of events. *See* Fed. R. Civ. P. 8(a)(2). The gist of the complaint appears to be that Mr. Velarde disagrees with the medical treatment he has received for his heart condition and liver cancer and with the general conditions of his confinement.

Mr. Velarde's conditions-of-confinement claim fails to focus solely on how he has been injured, and instead is filled with broad allegations concerning prisoners in general. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Velarde, in his broad allegations concerning prisoners in general, fails to demonstrate any actual or threatened injury as a result of the conditions of his confinement, he lacks standing to assert claims concerning those conditions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

In the amended complaint he will be directed to file, Mr. Velarde must assert personal participation by each named defendant in the alleged constitutional violation.

*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Velarde must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Governor John Hickenlooper or Tom Clements, DOC executive director, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Velarde may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Velarde uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

In summary, the amended complaint that Mr. Velarde is being directed to file must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Mr. Velarde must

4

provide "a generalized statement of the facts from which the defendant[s] may form a responsive pleading." ***New Home Appliance Ctr., Inc., v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." ***Id.***

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court will give Mr. Velarde an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that meets the requirements of Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that Plaintiff, Eugene Velarde, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Velarde shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that, if Mr. Velarde fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will

dismiss the complaint and the action without further notice.

DATED January 6, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge