IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03127-BNB

EUGENE VELARDE,

    Plaintiff,

v.

PAMELA PLOUGHE,
JOYCE CROUNK,
DAVID OBA,
KATHY MCBRIDE,
LINSEY FISH,
MARY CARTER,
DEBORAH SHOCK,
KAREN MITCHELL,
KATHLEEN BOYD, and
BARBARA FERGUSON,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

    Plaintiff, Eugene Velarde, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. He filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983. Mr. Velarde has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On January 6, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Velarde to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, alleged an actual or

threatened injury caused by the defendants, and asserted the personal participation of each named defendant.  Magistrate Judge Boland warned Mr. Velarde that, if he failed to file an amended complaint that complied with the January 6 order to the Court's satisfaction within the time allowed, the Court would dismiss the complaint and action without further notice.  On January 25, 2012, Magistrate Judge Boland entered a minute order granting Mr. Velarde's motion for extension of time and allowing him up to and including February 21, 2012, to file an amended complaint that complied with the January 6 order.

On February 23, 2012, Mr. Velarde filed an amended complaint.  The Court must construe Mr. Velarde's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Velarde will be ordered to file a second and final amended complaint.

The Court has reviewed Mr. Velarde's amended complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As the Court informed Mr. Velarde in the January 6 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

The amended complaint Mr. Velarde filed is verbose, vague, conclusory, and repetitive. Like the complaint Mr. Velarde originally filed, the amended complaint appears to concern his disagreement with the medical treatment he has received for his heart condition and liver cancer. However, instead of providing specific factual allegations to support his claims, he repeats the same vague assertions against each named defendant, and refers to documents external to the amended complaint for supporting factual allegations. In general, Mr. Velarde fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc.*, v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Therefore, Mr. Velarde will be directed to file a second and final amended complaint that complies with the pleading requirements of Rule 8. Mr. Velarde is reminded that it is his responsibility to present his claims in a short and concise format.

Mr. Velarde does not need to include citations to state statutes or DOC regulations; instead, he need only provide a short statement of his claims with supporting factual allegations, and assert violations of his constitutional rights. Mr. Velarde must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Velarde also must allege specific facts in his second and final amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Velarde must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

To state a claim in federal court, the second and final amended complaint filed

by Mr. Velarde must "explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Finally, a decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court will give Mr. Velarde this final opportunity to cure the deficiencies in his amended complaint by submitting a second and final amended complaint that meets the requirements of Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that Plaintiff, Eugene Velarde, **within thirty (30) days from the date of this order**, file a second and final amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Velarde shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second and final amended complaint.  It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended  Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that, if Mr. Velarde fails to file a second and final amended complaint that complies with this order within the time allowed, the Court will dismiss the amended complaint and the action without further notice.

DATED March 26, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge