IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–03127–PAB–KMT

EUGENE VELARDE,

      Plaintiff,

v.

PAMELA PLOUGHE,
JOYCE CROUNK,
SUSAN TIONA,
DAVID OBA,
KATHY HOLT,
LINSEY FISH,
MARY CARTER,
DEBORAH SHOCK,
KAREN MITCHELL,
KATHLEEN BOYD, and
BARBARA FERGUSON,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on 1) "Defendant Dr. David Oba's Motion to Dismiss" (Doc. No. 31 [Mot. One]); 2) "Defendant Dr. David Oba's Motion to Dismiss Plaintiff's Second and Final Amended Prisoner Complaint for Failure to Comply with Court Rules" (Doc. No. 65 [Mot. Two]; and 3) Plaintiff's motion to amend his Complaint (Doc. No. 58 [Mot. Amend]).

**FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's "Second and Final Amended Prisoner Complaint" (Doc. No. 14, filed April 20, 2012 [Compl.]).  At the time Plaintiff filed his Complaint, he was incarcerated at the Colorado Territorial Correctional Facility ("CTCF") in Canon City, Colorado.  (*Id.* at 2.)  Plaintiff generally alleges he was diagnosed in February 2010 with liver cancer and heart disease.  (*Id.* at 3.)  After his diagnosis, he was transferred to CTCF for "follow-up and curative treatment and medical care."  (*Id.*)  Plaintiff alleges "[o]ver the past two years [he] has been medically examined by numerous DOC doctors and nurse practitioners . . . to determine what, if any, treatment should be provided to heal his cancerous tumor and heart disease."  (*Id.*)  Plaintiff alleges the doctors' and nurses' suggestions have been presented on many occasions to a Medical Services Committee "to decide which inmates medical needs require special treatment and to vote to decide whether said treatment would be affordable." (*Id.*)  Plaintiff alleges the Medical Services "determined that treatment would be to[o] expensive and therefore voted not to treat plaintiff's condition."  (*Id.*)

Specifically as to Defendant Oba, Plaintiff states in Claim One that "Defendant Oba has been aware of plaintiff's medical condition since February 2010."  (*Id.* at 7.)  Plaintiff alleges that Defendant Oba "is an active sitting member of the Medical Services Committee empowered to grant or deny plaintiff medical treatment.  He is aware that his committee vote to deny plaintiff treatment, based on the expense, has caused plaintiff's condition to irreparably worsen . . . ." (*Id.*)  Plaintiff sues Defendant Oba in his individual capacity only (*see id.* at 4).

2

## PROCEDURAL HISTORY

Defendant Oba filed his first Motion to Dismiss on June 29, 2012.  Plaintiff filed his response on October 2, 2012 (Doc. No. 56 [Resp. Mot. One]), and Defendant Oba filed his reply on October 16, 2012 (Doc. No. 57 [Reply Mot. One]).

Defendant filed his second Motion to Dismiss on December 27, 2012.  Plaintiff filed his response on January 7, 2013 (Doc. No. 71 [Resp. Mot. Two]), and Defendant Oba filed his reply on January 9, 2013 (Doc. No. 72 [Reply Mot. One]).

On October 30, 2012, Plaintiff filed what he titled "Plaintiff's Amendment of the Pleadings" (Mot. Amend), which this court construed as a motion to amend the complaint (Doc. No. 61).  Defendant Oba filed his response on November 20, 2012 (Doc. No. 62 [Resp. Mot. Amend]).  Plaintiff did not file a reply.

## LEGAL STANDARDS

### A.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**B.      *Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis.

4

First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 68-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 678.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## C.    *Amendment of Pleadings*

Under Fed. R. Civ. P. 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178,

182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue

delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West,*

*Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which
> one misstep by counsel may be decisive to the outcome and accept the principle
> that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).

## ANALYSIS

### A.     *Motion to Dismiss Under Rule 12(b)(6)*

Defendant Oba argues Plaintiff's claim must be dismissed for Plaintiff's failure to allege

personal participation by Defendant Oba in the alleged constitutional violations.  (Mot. One at

2–3.)  Defendant Oba also argues Plaintiff has failed to allege the required components to state

an Eighth Amendment claim.  (*Id.* at 3–6.)

#### 1.     *Personal Participation*

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

each Government-official defendant, through the official's own individual actions, has violated

the Constitution."  *Iqbal*, 129 S. Ct. at 1948.  Personal participation is an essential allegation in a

civil rights action.  *See Bennet v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976).  To establish

personal participation, the plaintiff must show that each defendant caused the deprivation of a

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  An affirmative link must

exist between the alleged constitutional violation and each defendant's participation, control or

6

direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Moreover, a defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Instead, supervisory liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation.  *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Defendant argues that Plaintiff has alleged "no facts to suggest that Dr. Oba played a personal role in any decision pertaining to Plaintiff, let alone a decision that violated Plaintiff's constitutional rights." (Mot. One at 3.)  Defendants assert that Plaintiff "seems to rely on the fact that because Dr. Oba is the Chief Medical Director at BCCF, that he must have been aware of Plaintiff's serious medical condition." (*Id.*)  The court disagrees.  Plaintiff clearly states that "Defendant Oba has been aware of plaintiff's medical condition since February 2010." (*Id.* at 7.)  Plaintiff also alleges that Defendant Oba "is an active sitting member of the Medical Services Committee empowered to grant or deny plaintiff medical treatment.  He is aware that his committee vote to deny plaintiff treatment, based on the expense, has caused plaintiff's condition to irreparably worsen . . . ." (*Id.* [emphasis added].)  Thus, the court finds that Plaintiff has alleged sufficient facts to establish Defendant Oba's personal participation in the alleged Eighth Amendment violation.

Thus, Defendant Oba's motion to dismiss Plaintiff's claims against him for failure to show personal participation should be denied.

     **2.**     ***Failure to State a Claim***

The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody.  *See Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976).  "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."  *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 182–83 (1976) (internal citations omitted)).  Where the prisoner alleges only delay, rather than denial of treatment, he must assert that the delay caused him substantial harm.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1276-77 (10th Cir. 2001).  "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain."  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

In order to assert an Eighth Amendment claim that Defendant Oba was deliberately indifferent to his medical needs, Plaintiff must demonstrate that (1) he suffered objectively serious medical needs and (2) that Defendant Oba actually knew of but deliberately disregarded those needs.  *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).  To satisfy the first prong of this test, an objectively serious medical need or condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Riddle v. Mondragon*, 83 F .3d 1197, 1202 (10th Cir.1996).

Defendant Oba does not, and likely could not, argue that Plaintiff does not suffer from a serious medical condition.  (*See* Mot. One at 6.)  Rather, Defendant Oba argues that Plaintiff has

failed to allege sufficient facts to demonstrate Defendant Oba possess the requisite deliberate indifference necessary to meet the subjective prong of an Eighth Amendment claim.  (*Id.*)

It is well-established that deliberate indifference may be shown where prison officials "have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment."  *Ramos*, 639 F.2d at 575.  Nevertheless, Plaintiff fails to allege that he was denied <u>any</u> specific recommended treatment or that he is being denied some type of medical care in its entirety.  Rather, Plaintiff alleges only that "<u>numerous</u> doctors and nurse practitioners" examined him "to determine what, <u>if any</u>, treatment should be provided to heal his cancerous tumor and heart disease."  (Compl. at 5 [emphasis added].)  Plaintiff states these "doctors['] and nurses['] suggestions and opinions for treatment" were presented to the Medical Services Committee for consideration, and that the Committee rejected the treatment options because of the expense.  (*Id.*)

To the extent Plaintiff disagrees with the care he was provided, a difference of opinion between the prisoner and the prison's medical staff does not rise to the level of a constitutional violation.  *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993).  The Tenth Circuit noted that "a prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment."  *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir.1996)).  Accordingly, to raise a viable Eighth Amendment claim, Plaintiff must show a "deliberate refusal to provide medical attention, as opposed to a particular course of treatment."  *Fleming v.*

*Uphoff*, 210 F.3d 389, 2000 WL 374295, at *2 (10th Cir. April 12, 2000) (citation omitted).

Here, Plaintiff has made no such allegations.

Therefore, Plaintiff's Eighth Amendment claim against Defendant Oba is properly

dismissed.  Thus, the court need not address Defendant Oba's motion to dismiss for Plaintiff's

failure to comply with Court rules.

**B.**     ***Motion to Amend Complaint***

Plaintiff seeks to amend his Complaint to substitute his page 7, apparently to add

information about a previous lawsuit.  (*See* Mot. Amend at 1, 3.)  Plaintiff also wishes to

"incorporate by reference" exhibits he attached to his original Complaint filed on December 1,

2011.  (*Id.* at 4.)

Defendant argues that Plaintiff's amendments would not cure the deficiencies in his

Complaint, and the motion should be denied as futile.  (Resp. Mot. Am.)  The court agrees.

Neither the substitution of page 7 of the Complaint or the exhibits attached to Plaintiff's original

complaint change the analysis of Plaintiff's Eighth Amendment claim against Defendant Oba.

First, the information about a case previously-filed by Plaintiff is irrelevant to the current claims

against Defendant Oba or the other defendants.  Second, Plaintiff has failed to explain why he

wishes to amend his complaint to include the exhibits, nor does he attach a copy of his proposed

amended complaint.  Thus, Plaintiff's motion to amend is properly denied.  *See Lambertson v.*

*Utah Dept. of Corrs.*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its

discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for

delay in seeking amendment and for failure to provide a copy of the proposed amended

pleading).  *See also Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should

have held motion to amend in abeyance pending submission of plaintiff's proposed amendment);

*Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense"

dictates that a party seeking leave to amend should accompany his motion with a copy of the

proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981)

(where plaintiff sought leave to amend, a copy of the proposed amended pleading must be

attached to the motion).

Thus, Plaintiff's motion to amend his complaint is properly denied as futile.

Therefore, for the foregoing reasons, this court respectfully

**RECOMMENDS**

1.      "Defendant Dr. David Oba's Motion to Dismiss" (Doc. No. 31) be GRANTED,

        and that the Eighth Amendment claims against Defendant Oba be dismissed

        pursuant to Fed. R. Civ. P. 12(b)(6);

2.      "Defendant Dr. David Oba's Motion to Dismiss Plaintiff's Second and Final

        Amended Prisoner Complaint for Failure to Comply with Court Rules" (Doc. No.

        65) be DENIED as moot; and

3.      Plaintiff's motion to amend his Complaint (Doc. No. 58) be DENIED.

The court further respectfully

**RECOMMENDS** that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that

any appeal from this recommendation would not be taken in good faith and therefore *in forma*

*pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed.

R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop.

Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

12

timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 29th day of January, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

13